UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | |
|---|---|
| THE ESTATE OF JACOB ALLEN JONES, by and through its Personal Representative, Catherine Jones<br><br>PLAINTIFF,<br><br>v.<br><br>CRAWFORD COUNTY, ARKANSAS; JARED ENTREKIN; CESAR GALDAMEZ; MATTHEW NOWICKI; JAMES OKONIEWSKI; EDITH ESPINOZA; KRISTEN FOSS; NICHOLAS HICKS; and JANE DOE 1<br><br>DEFENDANTS. | No.   2:23-cv-02112-PKH<br><br>(JURY DEMAND) |

**PLAINTIFF'S MEMORANDUM
IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL**

The Plaintiff, The Estate of Jacob Allen Jones, by and through its Personal Representative, Cathrine Jones, herewith asks the Court to dismiss its suit against Defendants, as authorized by Federal Rules of Civil Procedure 41(a)(2).

### A. INTRODUCTION

1. Plaintiff is the Estate of Jacob Allen Jones, and the Defendants are Crawford County, Arkansas; Jared Entrekin; Cesar Galdamez; Matthew Nowicki; James Okoniewski; Edith Espinoza; Kristen Foss; Nicholas Hicks; and Jane Doe 1. On August 31, 2023, the Plaintiff sued the Defendants and served them with the Complaint at issue.

### B. ARGUMENT

2. The court should freely grant a motion for voluntary dismissal as long as the non-movant will not be prejudiced. *Versa Prods., Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325,

1327 (11th Cir. 2004); *see* Fed. R. Civ. P. 41(a)(2); *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947).

3. The Plaintiff diligently moved for dismissal as soon as it became apparent that dismissal was necessary. *See Ohlander v. Larson*, 114 F.3d 1531, 1538 (10th Cir. 1997). Voluntary dismissal is appropriate even if plaintiffs "fail to disclose the reason for seeking the dismissal without prejudice," *Kern v. TXO Production Corp.*, 738 F.2d 968, 970 (8th Cir. 1984) (affirming voluntary dismissal without prejudice after trial had begun and absent any stated justifications by plaintiffs)

4. Defendants will not be prejudiced by the dismissal given that no Discovery has commenced, or any intricate litigation costs or expenses have begun. *Blaes v. Johnson & Johnson*, 858 F.3d 508, 512 (8th Cir. 2017); *Arias v. Cameron*, 776 F.3d 1262, 1268–69 (11th Cir. 2015); *Smith v. Lenches*, 263 F.3d 972, 975–76 (9th Cir. 2001). The dismissal will not deny the Defendants any defense that it is entitled to, and the dismissal will result only in mere inconvenience to defendant, which is not prejudice. *Id.*

5. Plaintiff requests that the dismissal be without prejudice to refiling the suit because Defendant has not filed a counterclaim, no Discovery has commenced, and no motion for summary judgement has been filed. *Versa Prods., Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1327 (11th Cir. 2004); *see* Fed. R. Civ. P. 41(a)(2); *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947).

**C. CONCLUSION**

For these reasons stated above, the Plaintiff asks the Court to dismiss the suit without prejudice to refiling.

                                                Respectfully Submitted,

                                            By**:   /s/ Adam H. Rose**
Adam H. Rose, ABA#2020194
Powell & Rose Law Firm, PLLC
541 N Greenwood Ave,
Fort Smith, AR 72901
(479) 222-6773 Telephone
(469) 769-2273 Facsimile
adam.dpowellfirm@gmail.com
*Attorney for Plaintiff*

                                            By**:   /s/ David L. Powell**
David L. Powell, ABA#2011256
Powell & Rose Law Firm, PLLC
541 N Greenwood Ave,
Fort Smith, AR 72901
(479) 222-6773 Telephone
(469) 769-2273 Facsimile
dpowellfirm@gmail.com
*Attorney for Plaintiff*